## MARGARET FITZGERALD

*v.*

## John Forristal *et al.*, Executors.

1. VOLUNTARY CONVEYANCES—*binding between the parties.* A deed or mortgage, voluntarily executed and delivered, is binding at the common law, and cannot be relieved against, as between parties thereto, simply because it is voluntary.

2. FORECLOSURE BY SCIRE FACIAS—*of defences thereto.* In a proceeding by *scire facias*, to foreclose a mortgage, a want of consideration cannot be shown.

3. FRAUDULENT CONVEYANCES—*who are bound thereby.* When a note is executed without a consideration, and a mortgage to secure the same, with intent to defraud another, it was *held*, that under the statute of frauds, as between the mortgagor and mortgagee, the mortgage is binding, and is void only as to the party intended to be hindered, delayed, or defrauded. To obtain relief upon the ground of fraud, the party seeking the relief must be free from any participation in the fraud.

APPEAL from the Circuit Court of LaSalle county; the Hon. MADISON E. HOLLISTER, Judge, presiding.

The facts in this case are fully presented in the opinion.

Mr. D. L. HOUGH, and Mr. GEO. S. ELDRIDGE, for the appellant.

Messrs. BULL & FOLLETT, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It appears that appellees, as executors of the last will and testament of Matthew O'Farrell, instituted proceedings to foreclose a mortgage executed by appellant to testator in his lifetime, by *scire facias*, in the Circuit Court of Bureau County, in which the land in controversy is situated, and appellant filed this bill to enjoin the foreclosure of the mortgage by that

proceeding. The bill alleges that the mother of appellant, while she was an infant, furnished money to O'Farrell, with which to enter this land for her benefit. That he entered a quarter section, and subsequently conveyed this half to appellant, for the purpose of carrying out the arrangement. That she afterwards was married, and she and her husband went on the land, and improved it, and that she has had possession of the same, by residence thereon or through tenants, ever since. That in 1860, appellant obtained a divorce from her husband, and that she and her children again returned to the land, and has resided thereon ever since with them.

That Jeremiah Hartney, her step-father, set up a claim to the land, on the ground that her mother, who was at that time his wife, furnished the money with which it was entered; that he was threatening to dispossess her of the premises, and fearing that he would do so, she executed the note and mortgage for the purpose of defeating his claim; and that the note and mortgage were executed without any consideration, or for any other purpose; and prays, as the defense cannot be made at law, that the proceedings by *scire facias* be enjoined.

Appellees answer the bill, and admit a portion of its allegations, and say they are uninformed as to others, and deny that she has any defense to the note or mortgage, but insist that it was *bona fide*, and that it is justly due and owing to them as executors of O'Farrell. They filed an amended answer, in which they insist the premises are of the value of $4,000, and that they are capable of being divided, so as to set off the house and other buildings, and a portion of the land worth $1,000, as a homestead. And they insist that if the allegations of the bill were true, the mortgage was voluntarily entered into for the purpose of defrauding Hartney out of any real or supposed claim; that appellant cannot take advantage of such want of consideration and claim the right to insist upon that fact on the trial.

A hearing was had on bill, answers, replications and proofs, when the relief prayed was denied, and a decree rendered dismissing complainant's bill. To reverse which, this record is brought to this court on appeal, and errors are assigned.

It is urged in affirmance of the decree that, admitting the allegations of the bill to be fully sustained by the proof, the case falls within and is controlled by the second section of the statute of frauds and perjuries, R. S. 258. That section declares, that "every gift, grant, or conveyance of lands, tenements, hereditaments, goods or chattels, or of any rent, common or profit of the same, by writing or otherwise; and every bond, suit, judgment, or execution, had and made, or contrived of malice, fraud, covin, collusion or guile, to the intent or purpose to delay, hinder or defraud creditors of their just and lawful actions, suits, debts, accounts, damages, penalties or forfeitures, or to defraud or deceive those who shall purchase the same lands, tenements or hereditaments, or any rent, profit or commodity out of them, shall be from thenceforth deemed and taken only as against the person or persons, his, her or their heirs, successors, executors, administrators or assigns, every of them, whose debts, suits, demands, estates and interests by such guileful and covinous devices and practices as aforesaid, shall or might be in any wise disturbed, hindered, delayed or defrauded, to be clearly and utterly void; any pretense, color, feigned consideration, expressing of use, or any other matter or thing to the contrary notwithstanding."

In this case, the defense is, that it was the avowed purpose of the parties to hinder, delay, or defeat Hartney's suit for this land, in making this mortgage. If it were conceded that appellant has proved her bill to be true in every particular, she has only established that she did an act which the statute has prohibited her from doing. And the statute has said that it shall only be void as to the person intended to be hindered, delayed or defrauded. It, by the strongest and most unmistakable implication, says that it shall be binding between the

parties to the deed. And at the common law, a defense of a mere want or failure of consideration, could not be made, so far as we have been able to find, in equity. The seal of the party, attached to such an instrument, imports a consideration, and independent of the statute regulating negotiable instruments, this defense could not be made at law. Nor would equity permit the party to show a want or failure of consideration. Fraud in obtaining it could be shown, but in such case the party executing the instrument must be free from participation in its perpetration. In such a case, the complainant was required to come into court with clean hands before relief could be afforded.

In this case, appellant voluntarily entered into this note and mortgage, for the wrongful purpose of defeating her step-father's claim. If unjust, she should have defended at law, and not by a fraudulent deed or incumbrance, prevent him from asserting his rights. If his claim was well founded, it was a fraud upon his rights, and if unjust, that could have been shown when he attempted to enforce his claim. Having executed a mortgage which became a matter of record, upon which a *scire facias* could be brought, she estopped herself from showing the consideration upon which it was based, in the proceeding in that mode for its foreclosure. In such a proceeding, she could only show matter in satisfaction or discharge of the debt. Of that character is payment, release or other matter which satisfied and discharged the debt evidenced by record. And as a voluntary deed was, when executed and delivered, by the common law binding and could not be relieved against, simply because it was voluntary, and as a mortgage thus executed and recorded was equally binding, no defense is permitted involving a want of consideration to a *scire facias* for its foreclosure.

If the purpose in executing the mortgage was such as it is claimed it was, we are at a loss to comprehend how persons of the most ordinary intelligence would not understand that such

an instrument could not produce that result. It was not mortgaged for near its value at the time it was given. And if the evidence can be credited, both appellant and O'Farrell stated to several persons, and he to the wife and son of Hartney, that the only purpose of its execution was to prevent Hartney from asserting his claim to the land. It is hardly credible that any person at all capable of taking care of themselves, would not have known that upon the proof of such admissions he could avoid the deed. Again, it is a singular fact that O'Farrell was present when the three hundred dollars was paid on the Cokely debt due from Hartney, for which a mortgage was given, and that he afterwards paid Mrs. Cokely sixty dollars. And appellant seems to have given O'Farrell notes which he held at the time of his death, amounting to one hundred dollars. If O'Farrell advanced for appellant this $360, to release her land from that mortgage, that makes the sum specified in this mortgage. That she should have become liable to O'Farrell for the money to release her from that mortgage, is perhaps no more strange than that appellant's husband would, in addition to the rent of the farm, agree to pay her mother one hundred dollars a year for taking care of appellant and her two children, and she working in the family during that time.

It is true, that such an arrangement may have been made, but it does not seem probable. While on the other hand, O'Farrell seems to have befriended the family by the loan of money and otherwise; and it would seem to be reasonable that when Cokely died, and the debt to him had to be collected, and if the family did not have the money that they should look to O'Farrell for a loan of the necessary amount, and equally reasonable to suppose that he would demand security for the advance he should make, and that appellant having the title to the premises, should execute the mortgage. But since O'Farrell's death, it would not be expected that evidence would be found by which to show precisely, or even beyond

presumption, the true consideration of the note and mortgage, but when we see these occurrences all happening so near together, it creates a strong presumption that the consideration was money to pay the Cokely mortgage and the two notes for a hundred dollars, given by appellant to O'Farrell.

The character of appellant's evidence is not of that consistent and reasonable nature which is calculated to impress conviction of its truth. It is not coherent, natural in its parts; and from a careful perusal of all the evidence in the record, we fail to be satisfied that it overcomes the strong presumption of a sufficient consideration which the mortgage and note create. It is not sufficient to overcome that presumption, even if admissible for the purpose of establishing the defense sought to be interposed by appellant by her bill for an injunction to stay the proceedings at law.

The decree of the court below must be affirmed.

*Decree affirmed.*