### C. G. PRUDE AND J. N. RICE v. JAMES CAMPBELL ET AL.

#### No. 7218.

1. **Sale of Cattle in the Range—Parol Agreement to Sell.**—While a bill of sale (to cattle running on the range) and its record are prerequisites to the acquisition of title, and without such registration the transfer does not take effect, it follows that a parol transfer of cattle in the range is a nullity; but it does not follow that a parol agreement to transfer in the manner prescribed by the statute is void, if founded upon a valid consideration and unmixed with fraud.

2. **Same.**—An agreement in parol to transfer stock cattle on the range, if founded upon valuable consideration, may be enforced.

3. **Fraud—Fraudulent Contract.**—One of two partners in dealing with the partnership property obtained the consent of the other to surrender the stock, in ignorance of a private agreement by which the acting partner was to share with the vendee in the stock conveyed. Such contract was fraudulent, and can not be enforced by the acting partner suing for such share. The innocent partner, the victim of the fraud, however, could enforce the contract to the extent of his interest.

APPEAL from Mills. Tried below before Hon. W. A. BLACKBURN.

*Dan H. Triplett,* for appellant Prude, and *J. L. Lewis,* for Rice, cited Wells v. Littlefield, 59 Texas, 556; 55 Texas, 365; Rev. Stats., arts. 1316, 1317; 4 Texas, 75; 13 Texas, 31; 19 Texas, 312; 28 Texas, 97; 56 Texas, 75; 2 Ct. App. C. C., 613; 63 Texas, 333, 344; 62 Texas, 267, 391; 60 Texas, 527; 61 Texas, 246; 23 Texas, 51; 46 Texas, 356; 47 Texas, 138; 57 Texas, 432; 62 Texas, 274, 515; 63 Texas, 274, 449; 1 Texas, 342; 4 Texas, 252; 7 Texas, 584; 9 Texas, 501; 19 Texas, 228; 56 Texas, 628.

*R. H. Ward,* for appellees.—1. The contract to compromise the injunction suit entered into between C. G. Prude and appellee James Campbell was fraudulent and void, because the said Prude made the same with

the intent to defraud his copartner J. N. Rice, the said Prude agreeing
to conceal from his said copartner Rice the real consideration of the con-
tract, and to withhold from him all the benefits of the same.    This con-
tract being fraudulent, no court will lend its aid to enforce it or to re-
cover damages for its violation.    Defendant's answer setting up this
fraud was a good defense to appellants' suit, and the court below did not
err in overruling appellants' demurrer to the same.    Overshiner v. Wise-
hart, 59 Ind., 135; Fitzgerald v. Forestall, 48 Ill., 228; Grimes v. Hoyt,
2 Jones Eq., 271; Mattox v. Hightshue, 39 Ind., 95; White v. Crew, 16
Ga., 416; Swartz v. Gillett, 1 Chand., 207; Hudson v. Johnson, 45 Cal.,
21; Bellamy v. Bellamy, 6 Fla., 62; Gunter v. Lafflue, 7 Cal., 588; Dun-
ning v. Bathrich, 41 Ill., 425; Cunningham v. Shields, 4 Hayw. (Tenn.),
44; Wilson v. Bird, 28 N. J. Eq., 352.

2.  The written bill of sale, properly acknowledged and recorded, from
Prude & Rice to James Campbell, to the cattle in controversy, which cattle
were running on the range, put the title to said cattle in said Campbell.
The parol agreement between Campbell and Prude, that Campbell should
convey to said Prude a one-half interest in part of said cattle, in fraud of
the rights of said Rice, his copartner, was absolutely null and void, be-
cause said cattle were running on the range, and said Prude could only
acquire a title to the same by a written bill of sale, properly acknowledged
and duly recorded as required by article 4564, Revised Statutes.    Appel-
lants asked the court to charge the converse of this proposition as the law
of the case, which the court refused to do.    In this there was no error.
Black v. Vaughan, 70 Texas, 48.

TARLTON, JUDGE, *Section B.*—This suit was instituted May 31, 1886,
in the District Court of McCulloch County, by C. G. Prude, as plaintiff,
against James Campbell, as defendant.    It was removed, on change of
venue, from McCulloch to Mills County, where it was finally tried.    Its
purpose was to enforce the specific performance of a contract entered into
between Prude and Campbell for the transfer of certain cattle on the
range, or for the recovery of damages for the violation of the contract,
or for the recovery of the value of the cattle involved in the transaction.

Subsequent to the institution of the suit, J. N. Rice, one of the appel-
lants, May 5, 1887, intervened, and Andrew Campbell, O. Thompson,
and C. Torn, three of the appellees, were made additional defendants.

The case was tried by a jury March 20, 1889, and resulted in a judg-
ment for the defendants, from which the plaintiff and intervenor have
appealed.

An accurate apprehension of the nature of the suit can best be had from
a summary of the facts:

In the year 1884, the plaintiff C. G. Prude and the intervenor J. N.
Rice were partners in the cattle business, under the firm name of Prude

& Rice. In that year they purchased from James Campbell a stock of cattle branded Z– on the range in McCulloch County. The purchase price of these cattle was $25,000. Of this amount Prude & Rice paid $5000 in money and executed their promissory notes for the remainder. They were already the owners of another stock of cattle, 1200 in number, branded K, and running on the range in McCulloch County. To secure the promissory notes drawn in favor of Campbell, Prude & Rice executed to one A. Ogden, as trustee, a deed in trust covering the cattle both in the Z– brand and the K brand.

In the purchase from Campbell, Prude & Rice relied on certain false representations made to them by the former with reference to the quantity and quality of the cattle There was a deficiency in the number of cattle sold to the extent of 500 head. There were also only 14 head of two-year-old beef steers, whereas the number as represented by Campbell was from 70 to 200 head. On discovering this discrepancy, Prude & Rice sought from Campbell a rescission of the sale. They proffered to return the Z– brand of cattle which they had bought, and demanded a cancellation of their notes and of the deed in trust on the cattle in the K brand. Campbell declined to accede to their demands, and caused the trustee Ogden to advertise the cattle for sale under the deed in trust. Thereupon, in June, 1885, Prude & Rice brought suit against Campbell and Ogden in the District Court of McCulloch County, alleging the fraud of Campbell, and praying for a rescission of the contract, for the recovery of the $5000 paid by them, with interest, and for a writ of injunction restraining Ogden from proceeding under the deed in trust. The court granted the writ, on condition that the plaintiffs should enter into a bond of $23,000. Prude was able to obtain sureties for this bond; Rice was not. Overtures for a compromise of this injunction proceeding having been made between Prude and Campbell, it was finally agreed between them that Prude would secure from Rice the consent of the latter to execute with Prude a bill of sale transferring to Campbell all the cattle in both brands, and that Prude would also secure the dismissal of the injunction suit. On the part of Campbell, it was agreed that he would cancel the notes which he held against Prude & Rice, and that after the execution of the bill of sale to him by Prude & Rice he would execute to Prude a bill of sale transferring an undivided one-half interest in the K brand (worth about $6000), less a sufficient number to pay an attorney fee of $1000 due by Campbell. It was further specifically understood between Prude and Campbell that the agreement to retransfer to Prude the half-interest in question was not to be divulged to Rice.

Prude accordingly saw Rice, and informed him that the injunction bond could not be executed; that Prude's father, without whose assistance it could not be made, declined to become a surety upon it. Rice, therefore, ignorant of the agreement by Campbell to retransfer to Prude, and think-

ing that the injunction bond could not be made, agreed to join Prude in the execution of a bill of sale transferring all the cattle to Campbell, if he would surrender the notes which he held against Prude & Rice.   This arrangement was consummated on July 1, 1885.   On that day Prude & Rice duly executed and acknowledged a bill of sale transferring to Campbell the two brands of cattle " running in McCulloch and adjoining counties," for the recited consideration of $1000, cash paid, and of the surrender of the notes held by Campbell.   The notes were cancelled.   The bill of sale was duly recorded July 2, 1885, and the injunction suit was dismissed at the cost of the plaintiffs, and on their motion, by order entered November 30, 1885, no injunction bond having been executed.

Prude then sought from Campbell the retransfer to him, according to agreement, of the undivided half-interest in the K brand.   Campbell, after protesting his intention to comply with the agreement, finally declined. He, on the other hand, sold to his brother Andrew an undivided half-interest in the brand, and the latter subsequently, and after the institution of this suit, sold an interest to the defendants Thompson and Tom.   These three, Andrew Campbell, Thompson, and Tom, purchased with knowledge of the claim of Prude.

On the refusal of Campbell to execute the retransfer promised, Prude instituted this suit.

In his third amended original petition, on which he went to trial, he sets out with much detail the facts above stated, *except that his allegations contained no reference to the understanding between himself and Campbell to conceal from Rice the agreement to reconvey.*   He prays for a judgment against James and Andrew Campbell for the execution of the contract to reconvey, and for his damages for breach thereof; for a restitution of the cattle according to contract, and for a partition of the cattle; for a judgment against Thompson and Tom for the cattle purchased by them from Andrew Campbell; " and in the event that the same can not for any reason be done," he prays for a judgment against all of the defendants for the value of his interest in the cattle, with interest since the date of their conversion; for " a rescission of the pretended sale and purchase of said cattle by and between James Campbell and Andrew Campbell, and the pretended sale between Andrew Campbell and Oscar Thompson and C. Tom, in so far as said sales affect the rights of plaintiff;" and he prays for general relief.

The intervenor Rice in his plea alleges his copartnership with Prude at the date of the injunction proceedings, and at the date of the compromise between Campbell and Prude; that he was ignorant of the terms of this compromise at the time of his execution of the bill of sale to Campbell; that he was ignorant of the fact that Prude was able to provide security for the injunction bond; that he exerted himself to make the requisite bond, but was unable to obtain securities for that purpose; that he has

never had any final settlement of his copartnership with plaintiff about the subject matter of this suit, and that he has never parted with his one-half interest in the partnership assets.   He prays for a judgment against defendants James Campbell and Andrew Campbell for the value of his interest in the cattle on June 22, 1885, amounting to $3000, with legal interest, and he prays " for such other and further equitable relief as he may be entitled to."

The defendants, after a general denial, interposed as a special defense, that the plaintiff and intervenor are not entitled to recover on the contract between Prude and Campbell, if indeed any contract was made, because it was entered into by Prude for the purpose of defrauding his copartner Rice, from whom Prude fraudulently concealed the advantages to be derived from the contract, and to whom he falsely represented the consideration on which the bill of sale to Campbell was executed.

To this special plea the plaintiffs addressed a special exception, to the effect that defendants show no interest in the fraud, if any, practiced, nor do they show any injury to themselves therefrom.

This special exception was overruled, and the jury returned a verdict for the defendants, in compliance with the charge of the court.   This was to the effect, that " before a person can acquire any title whatever to cattle as they run on the range, the purchaser must have his bill of sale of such stock recorded in the office of the county clerk, in a book to be kept by him for that purpose; and such sale or transfer shall be noted on the record of original marks and brands in the name of the vendee or purchaser.   As the plaintiff and intervenor show by their petition and plea that he had no such bill of sale, and as the pleadings and proof show that the cattle were running on the range of McCulloch and other counties, the alleged verbal transfer from defendant James Campbell has no effect as to any one or for any purpose."   Wherefore the jury would find for defendants.

It is apparent from the record that the court held, that under the pleadings and evidence neither the plaintiff nor the intervenor was entitled to relief of any character against the defendants.   This conclusion is complained of in the plaintiff's and intervenor's motion for a new trial, and is sufficiently suggested in their seventh assignment of error to justify us in passing upon it.

We refrain from considering the several remaining assignments.   The subject matter of such as present material questions will be covered by remarks under the assignment referred to.   The court evidently founded its view of the case upon the doctrine announced in Black v. Vaughan, 70 Texas, 47.   In that case it is correctly held, under article 4564, Revised Statutes, that a " bill of sale (to cattle running on the range) and its record are absolute prerequisites to the acquisition of title;" and that without such registered instrument " the transfer does not take effect to

any one or for any purpose." It follows that a parol transfer of cattle in the range is a nullity. But it does not follow that a parol agreement to transfer in the manner prescribed by the statute is void, if formed upon a valid consideration and if unmixed with fraud. The court below seems to have confounded an agreement to transfer with the transfer itself. The latter is void, if to cattle in the range, unless duly recorded. But the agreement to transfer, if it contemplate a compliance with the law, is certainly susceptible of enforcement; and when it is alleged in the plaintiff's petition that Campbell agreed to transfer to Prude, we understand that he agreed to make a transfer to be duly acknowledged and recorded. If he violates the contract, equity has the power, unless forbidden by other considerations than the bare fact that it rests in parol, to enforce it, or in the alternative to assess damages for its violation. We think that the court erred in holding otherwise. There was a sufficient predicate laid in the pleadings of the complaining parties to justify the relief referred to.

On another phase of this case: It is contended by the appellees that appellant Prude is entitled to no relief, because the testimony shows that in the arrangement between himself and Campbell it was his intention to overreach and defraud his partner Rice. We have already stated the facts surrounding this transaction. Without adjudging the conclusion to be drawn from the evidence, we deem it proper to say, that it at least tends to show that Prude's purpose in contracting for a retransfer to himself, was to secure to himself the title to a half-interest in the K brand of cattle, without reference to the rights of his copartner, and in fraud of his copartner. If such be the case, he is entitled to no relief, even though Campbell should be found to have been equally guilty in devising or effecting this disguise for the purpose of overreaching Rice. The court will not permit "its ermine to be soiled by the touch of fraud;" and neither law nor equity will afford relief to one participating in a fraudulent transaction. The parties to such a transaction will be left where they placed themselves. The defendant is the more fortunate in evil doing. "In pari delicto, potior est conditio defendentis." Overshiner v. Wisehart, 59 Ind., 135; Fitzgerald v. Forestall, 48 Ill., 228; White v. Crew, 16 Ga., 416; Swartz v. Gillett, 1 Chand., 207; Josiah v. Danning, 41 Ill., 425; Wilson v. Bird, 28 N. J. Eq., 352.

It is within the province of the jury to pass upon the intent of this transaction; and on another trial, if had before a jury under similar evidence, the question should be left to them for solution, under appropriate instructions.

It does not follow, however, that if Prude should be without remedy Rice would be in like condition. The consideration received by Campbell was partly the property of Rice, as Campbell knew, and as (so the record indicates) the remaining defendants knew. Rice was not a party to the alleged fraud of Prude. He was its victim. It is the peculiar and

.sacred function of equity to afford relief to one thus the victim of a fraudulent contrivance. As to Rice, the agreement of Campbell to retransfer to Prude would be enforced against Campbell, and against all others holding under him without consideration or with notice of the agreement with Prude and of Rice's interest in the cattle. The consideration received by Campbell from Prude will be deemed, to the extent of Rice's interest in the property, to have been received from Rice. As to such interest, any liability of Campbell or cause of action against him arising out of the transaction will inure to the benefit of Rice.

We think that we have indicated our views as to the proper disposition of the questions involved. The justice of the case was not, in our opinion, reached on the trial.

We consequently recommend that the judgment be reversed and the cause remanded.

*Reversed and remanded.*

Adopted May 24, 1892.