RAINWATER-BOOGHER HAT COMPANY v. NORMAN
O'NEAL ET AL.

No. 331.

1. **Sale of Stock on the Range—Sale of Same by Sale of Brands and Marks.** Article 4564, Revised Statutes, which provides, in effect, that in order to pass title to stock animals "as they run in the range, by the sale and delivery of the brands and marks," it is necessary for the bill of sale to be recorded as therein designated, does not embrace a sale of stock of horses and cattle of a certain brand running on the range in a certain county, the purchaser receiving a bill of sale and taking immediate possession of the property, there being no evidence that the vendor owned or intended to sell the brand, it being evident that he intended to convey the stock only, and that the brand named was merely a matter of identity.

2. **Case Distinguished.**—This case distinguished from Black v. Vaughan, 70 Texas, 47.

3. **Trial of Right of Property—Tender of Issues—Practice.**—It was not error to refuse judgment by default against the claimants in a suit to try the right of property where the claimants had filed a plea in abatement, and when this was overruled they responded immediately to the order of the court requiring the tender of issues.

APPEAL from Hunt.   Tried below before Hon. E. W. TERHUNE.

The conclusions of fact of the court below, adopted as the conclusion of fact of this court, are as follows:

1. O'Neal & Evans was a mercantile firm doing business in Greenville, Texas, of which George M. O'Neal was a member.

2. On January 2, 1887, and prior thereto, Reynolds & O'Neal, of which firm George M. O'Neal was a member, owned a stock of horses and cattle running on the range in Hunt County, branded O R.   On that day, for a valuable and legal consideration, George M. O'Neal in good faith transferred his interest in such horses and cattle to his partner Reynolds, who was his father-in-law.   The transfer was by written bill of sale duly executed, and possession of the property was given Reynolds, who held them in possession until his death.

3. In the winter of 1887–88, Reynolds died intestate, and his estate was never administered upon.   He had the bill of sale in his possession, but had never had it recorded.

4. Claimants, the children of George M. O'Neal, are the only heirs of Reynolds, their deceased mother being his only daughter, and when Reynolds died they inherited all his property, including the stock in controversy.

5. When Reynolds died, George M. O'Neal found the bill of sale unrecorded among Reynolds' papers, and he took possession of the property conveyed therein for his children.   He filed the bill of sale for record in the office of the clerk of the County Court of Hunt County, February 6, 1890, and it was duly recorded that day.   Since then the horses and cattle have been in possession of his agent, who held same for claimants.

6. On April 16, 1890, plaintiffs sued O'Neal & Evans by attachment, and levied upon the property claimed, which is a part of the property originally owned by Reynolds & O'Neal, and transferred by O'Neal to Reynolds in the above bill of sale, and which, when levied on, was in a pasture in claimants' possession.

7. On April 28, 1890, claimants made affidavit and gave bond, claiming the property under the statute.

8. Plaintiff recovered judgment against O'Neal & Evans in their attachment suit, foreclosing the attachment lien on the property in controversy, subject to the rights of claimants involved in the suit.

*Evans & Hargrave,* for appellant.—1. Stock animals running in the range may be disposed of by sale and delivery of the marks and brands, but the purchaser, in order to acquire title thereto, shall have his conveyance or bill of sale recorded. Rev. Stats., art. 4564; Black v. Vaughan, 70 Texas, 47.

2. In all cases in the trial of the right of property as provided by statute, if the plaintiff, after the claimant's affidavit and bond has been returned and the cause docketed, appears, and the defendant fails to appear within the time prescribed for pleading, the plaintiff shall have judgment by default, as in other cases. Rev. Stats., art. 4835.

*Yoakum & Looney,* for appellees.—Article 4564 was not intended to apply to a sale of live stock, where actual possession was given, but only when the stock is upon the range, and the sale is made "as they run in the range." Rev. Stats., art. 4564.

RAINEY, ASSOCIATE JUSTICE.—There is no statement of fact in the record. We find therein, however, the conclusions of fact of the District Court, about which there is no controversy, and the same are adopted as the conclusions of fact of this court.

*Conclusions of Law.*—The property in controversy was attached by appellants in a suit against O'Neal & Evans, and was claimed by George M. O'Neal, as next friend for the minor appellees, as heirs of one Reynolds. It seems that in 1887 Reynolds and O'Neal were partners, and owned the property together. O'Neal sold his interest to Reynolds, executing a bill of sale therefor. Reynolds died in the winter of 1887–88, leaving three minors as his heirs. The bill of sale was not recorded until February 16, 1890. Appellant's attachment was levied April 28, 1890.

The controlling issue in this case is presented by appellant's first assignment of error, which is: "The court erred, in its conclusions of law, in awarding the property attached, and upon which appellant had foreclosed its attachment lien, to the appellees, for the reason that

the bill of sale, as shown by the court in its findings of fact, was for property running on the range, and was not recorded until after the death of Reynolds, from whom claimants are adjudged to inherit; therefore, said bill of sale did not evidence or convey title to said Reynolds in his life-time, was not his property at his death, and the appellees, as his heirs, could not inherit."

The court's finding as to the sale of the property is: "On January 2, 1887, and prior thereto, Reynolds & O'Neal, of which firm George M. O'Neal was a member, owned a stock of horses and cattle running on the range in Hunt County, branded O R. On that day, for a valuable and legal consideration, George M. O'Neal, in good faith, transferred his interest in such horses and cattle to his partner Reynolds, who was his father-in-law. The transfer was by written bill of sale duly executed, and possession of the property was given Reynolds, who held them in possession until his death."

After Reynolds' death, George M. O'Neal took possession of the stock for the minor claimants, since which time his agents have kept possession and held same for claimants, and the same were in a pasture at the time of the levy of the attachment. Appellants in support of their position rely on article 4564, Revised Statutes, and the decision in Black v. Vaughan, 70 Texas, 47.

The question arises, does this case fall within the purview of these authorities? We think not.

Article 4564, Revised Statutes, in effect provides, that in order to pass title to stock animals "as they run in the range, by the sale and delivery of the brands and marks," it is necessary for the bill of sale to be recorded as therein designated. The case of Black v. Vaughan, supra, as we understand it, merely construes the statute to mean what it says; that is, when a disposition is made of stock animals as they run in the range, "by the sale and delivery of the brands and marks," it is necessary to record the bill of sale in order for the purchaser to acquire title thereto. In that case, we take it there was a sale of the brand and mark, but no visible change of possession taken of the stock by the purchaser. In this case there was no sale of the brand and mark, and possession was immediately taken by the purchaser. The property sold was a stock of horses and cattle, and described as running on the range in Hunt County, and branded O R. There is nothing whatever to show or indicate that O'Neal owned any interest in the O R brand, or that he intended to convey any right in and to such a brand; but it is evident he intended to convey the stock only, and the brand named was merely a matter of identity.

In Rankin v. Bell, 85 Texas, 36, the court, in construing article 4564, says: "It is evident to our minds that this article is designed to regulate the transfer to the mark and brand themselves, which would

carry with it title to all of the stock in that mark and brand, when the provisions of the statute are fully complied with by the vendee."

We are not informed whether the O R brand embraced stock animals other than those running on the range in Hunt County or not. As far as we are informed, the brand may embrace stock in various other counties; if so, the bill of sale would not include stock not in Hunt County, and therefore it can not be construed to be a sale of the brand.

We are of opinion that the transaction under discussion comes within the provision of article 4562, Revised Statutes. The findings of the court show, that immediately upon the sale of these animals by O'Neal to Reynolds, Reynolds took possession, and held possession of same until his death, and after his death they were held for the claimants. O'Neal never made any claim to them, but held them after Reynolds' death for the claimants, and two months before the levy of the attachment he had the bill of sale recorded. Whether the recording of the bill of sale at that time affected the title to the stock in any way, we deem it unnecessary to decide, as, under the views heretofore expressed, the title passed out of O'Neal by the sale and delivery of possession to Reynolds, and at the time of the levy it was the property of claimants.

There is no merit in the claim of appellant that the court should have given him judgment by default, for the record shows that the claimants had filed a plea in abatement, and when this was overruled they responded immediately to the order of the court requiring the tender of issues.

The judgment of the court is therefore affirmed.

*Affirmed.*

Delivered April 25, 1894.