## T. F. SWAN ET AL. v. C. H. LARKIN.

### No. 474.

1.  **Sale of Live Stock—Bill of Sale—Delivery.**—The provision of article 4562 of the Revised Statutes, to the effect that a sale of certain animals, accompanied by delivery, is prima facie illegal, unless also accompanied by a bill of sale, is directory, and the presumption of illegality may be rebutted.

2.  **Same—Running on Range.**—It can not be said, as a matter of law, that 3000 cattle turned loose in a 60,000 acres pasture are running in the range as contemplated in article 4564 of the Revised Statutes, requiring that a range sale of cattle shall be evidenced by a written bill of sale giving their marks and brands.

3.  **Same—Charge of Court.**—Where the uncontradicted proof shows that if there was any delivery of any of the cattle in controversy, there was a delivery of all of them, it is calculated to mislead the jury for the charge to reiterate the duty of having cattle cut out from a larger number identified, since it tends to convey the impression that the court is of the opinion that all the cattle sold were to be segregated from a larger number.

APPEAL from Brewster. Tried below before JAY GOOD, ESQ., Special Judge.

*W. Van Sickle* and *Lindsey & Goodson*, for appellants.—1. If the cattle, prior to plaintiff's levy, were actually delivered to Swan by any such acts with reference to the property delivered as would constitute a delivery under the circumstances that existed at the time with reference to said cattle, the same would be a valid sale of said cattle, without reference to where they were. See authorities below.

2. The court erred in charging the jury, "that as a matter of law, cattle running in pastures from ten to sixty thousand acres each, with various other cattle, and belonging to various other owners, which owners were unable to tell how many head they had in any particular pasture, and such pasture covering from twenty-five to thirty-five miles square, would be a sale of cattle running on the range;" because the same was confusing and misleading, a charge upon the weight of the testimony, and assumes the existence of, and makes prominent, facts which really did not exist. Rankin v. Bell, 85 Texas, 28; Bank v.

Brown, 85 Texas, 80–87; Wells v. Littlefield, 59 Texas, 556; 77 Texas, 321; 78 Texas, 496; 81 Texas, 305; Gunter v. Cobb, 82 Texas, 598; Black v. Vaughan, 70 Texas, 47; Holloway v. Cabell, 3 Texas Civ. App., 320; 4 Wilson's C. C., sec. 65; Hat Co. v. O'Neal, 26 S. W. Rep., 462; Nance v. Barber, 26 S. W. Rep., 151.

*W. W. Turney* and *Millard Patterson*, for appellee.—1. The court did not err in charging the jury, that to constitute an actual delivery of cattle, as they run on the range, it would be necessary that there should be some act done by which the cattle sold could be distinguished from all other cattle in a like mark and brand, and that to constitute a sale of a given number of animals out of a large number, giving actual delivery, it would be necessary that something should be done by which the identical animals could be designated and distinguished from all other animals of a like character. Cleveland v. Williams, 29 Texas, 204; Allen v. Melton, 64 Texas, 218, 219; Jones on Chat. Mort., sec. 53, et seq.; Price v. McComas, 31 N. W. Rep., 511; 21 Am. and Eng. Encyc. of Law, 485, 486.

2. To constitute an actual delivery of a certain number of cattle out of a large number running at large on the range, it was necessary to separate and distinguish the number delivered from the other animals; and the trial court did not err in that portion of its charge where an actual delivery is defined, and the charges given respecting the question of actual delivery are entirely correct. Bank v. Davis Bros., 78 Texas, 367.

FLY, ASSOCIATE JUSTICE.—Appellee issued an execution to enforce the collection of a judgment that he had against Dubois & Wentworth, and it was levied on certain cattle in Brewster County. Appellant Swan filed a claimant's oath and bond, and a trial of the right of property was had, which resulted in a verdict and judgment against Swan and his sureties on the claim bond, and this appeal was prosecuted. The record is very voluminous, and has entailed much labor in investigating unnecessary matter. We conclude, however, that the points hereinafter discussed are all that demand attention.

The sale of the cattle to Swan must be held valid under the provision of article 4562 of the Revised Statutes, or not at all. There was no attempt to show the execution of a written bill of sale, but the whole case of appellants was rested on a verbal sale and delivery of the cattle. The question of a sale of cattle running on the range, by virtue of a written transfer, duly registered, of the marks and brands, was an issue not raised by the proof, and its introduction as an issue by the charge of the court was calculated to distract the minds of the jury, and lead them off from the consideration of the true issues in the case. Appellants claimed that the cattle, as identified by certain marks and brands, and as running in certain pastures, were in good faith bought by Swan from Dubois & Wentworth, and that they were

delivered in the pasture to Swan's agent, who went into possession of them. It is admitted that appellees had a valid and subsisting debt against Dubois & Wentworth, and had levied a writ of execution on the cattle, and everything was eliminated from the case except the question of an executed verbal sale by delivery without a bill of sale, and the bona fides of the transaction.

Article 4562 of the Revised Statutes provides, that the sale of any animal of the species therein enumerated, accompanied with actual delivery, is prima facie illegal, unless also accompanied by a written bill of sale giving the number, marks, and brands of each animal sold and delivered. This statute is directory, and the presumption of illegality that attends the sale without the written evidence accompanying is one that can be rebutted and removed by proof of good faith. Wells v. Littlefield, 59 Texas, 561. Article 4564 applies to a different class of sales and contemplates no delivery of the property itself, but merely a written transfer of marks and brands in the manner prescribed, and it is declared, in effect, that under a sale made in this manner no title shall be acquired unless the statute is followed. As we understand these articles, there are only two methods by voluntary transfers in which title to property of the kind described can be acquired, the one by actual delivery accompanied by a bill of sale, or other proof of good faith, the other contemplating no delivery of the animals, but the mere transfer of the marks and brands in the manner specified. Under article 4562, there could be a valid sale of a number of cattle described simply by marks and brands, or in any manner that would identify and segregate them from other stock, when accompanied by delivery. Bank v. Brown, 85 Texas, 85.

We are of the opinion that this delivery might be accomplished by designating them as all the cattle in certain brands in certain pastures, provided the latter were not of such proportions, when considered with the number of cattle and other circumstances, as to amount in effect to having the cattle at large upon the range. If the cattle in controversy were loose on the range, there was no delivery under the facts of this case, and a bill of sale being an absolute prerequisite to the acquisition of title, it follows that the sale would be absolutely null and void. The question of whether the stock were loose on the range, as that word is used in the statute, involving as it did the question of delivery, was the turning point in this case. Without delivery of the property by Dubois & Wentworth to appellants, there could have been no valid sale under article 4562; and if the cattle were on the range, there being no compliance with the statute as expressed in article 4564, there could have been no valid sale under its provisions. It can not be said, as a matter of law, that 3000 cattle turned loose in a 60,000 acres pasture, are running in the range, as contemplated in article 4564. There is no law, statutory or otherwise, defining what running on the range means, and indeed it would be impracticable to define the term, but it is purely a question of fact to be determined by the jury.

It was therefore an invasion of the realm of fact peculiarly within the province of the jury for the judge to instruct the jury "that as a matter of law, cattle running in pastures, from ten to sixty thousand acres each, with various other cattle, and belonging to various other owners, which owners were unable to tell how many head they had in any particular pasture, and such pastures covering from twenty-five to thirty-five miles square, would be a sale of cattle running on the range." The circumstances enumerated might appropriately go before a jury for determination, but the court had no authority to take their consideration from the jury, and say, as a matter of law, that proof of them constituted running on the range as contemplated in the statute. The vital issue of fact in the case was withdrawn from the jury and was decided by the court.

The case of Gunter v. Cobb, 82 Texas, 598, is cited by appellee as supporting the charge of the court, but there is nothing in that decision that sustains the charge, or that is in the least antagonistic to the position held by this court. In that case, the court was passing upon the validity of a range levy made upon stock running in a pasture containing from 293,000 to 430,000 acres of land, and extending over lands in four or five counties, and under the provisions of article 2293, Revised Statutes, the levy was held to be valid. The reason for that statute is given in its provisions, that a levy on certain animals on the range shall be legal when they "can not be herded and penned without great inconvenience and expense." We can readily imagine cases where the animals could not "be herded and penned without great inconvenience and expense," in which there could be such actual delivery as to meet the requirements of article 4562. In other words, "running at large in a range," as qualified and explained in article 2293, is not necessarily the same as running on the range as contemplated in article 4564. The views expressed in this opinion are in entire accord with other decisions of this State on the same subject. Black v. Vaughn, 70 Texas, 48; Bank v. Davis, 78 Texas, 367; Prude v. Campbell, 85 Texas, 4; Rankin v. Bell, 85 Texas, 36; Bank v. Brown, 85 Texas, 85; Hickman v. Hickman, 27 S. W. Rep., 31; Hat Co. v. O'Neil, 26 S. W. Rep., 462; Nance v. Barber, 26 S. W. Rep., 151.

The uncontradicted proof shows, that if there was any delivery of the cattle in the S A L, Y L, and S U E brands, there was a delivery of all of them, and it was calculated to mislead the jury for the court in his charge to reiterate the duty of having cattle cut out from a larger number identified. It tended to convey the impression to the jury that the court was of the opinion that all the cattle sold were to be segregated from a larger number. If the testimony of appellants, which was not contradicted, is true, the cattle in the brands above mentioned, and the 318 head in the brand called "Diamond Tail," with a "slash," did not require identification. Too much care can not be exercised in avoiding such mention of facts or combinations of

facts, in instructions to juries, as would in any manner tend to influence the minds of the jury.

We are of the opinion, that the issues as made by the proof not having been properly presented by the court, the special charges numbers 1, 2, and 3 should have been given as embodying the law of the case. The other assignments of error need not be discussed, and it would not be proper to comment further than we have done upon the facts.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered October 24, 1894.