No. 2509.

## J. R. BLACK *v.* C. V. VAUGHAN.

1. FRAUDULENT TRANSFER.—A creditor may lawfully receive from a failing debtor in payment property reasonably proportioned in value to the amount of the debt, but if he receives property of greater value than the amount of the debt, and pays the excess to the failing creditor, he aids the latter to place his property beyond the reach of his creditors, and the transfer will be set aside, not only to the extent of the excess in value, but as to all the property transferred.

2. SALE—REGISTRATION.—For a sale of live stock not running at large in the range, a bill of sale is required by the statutes as evidence of title, and in default of it the prima facie presumption obtains that the possession by one claiming to be a purchaser, is illegal. If the live stock consists of cattle running on the range a bill of sale and record thereof are absolutely prerequisite to the acquisition of title; and if the instrument be not recorded, it does not take effect in favor of any one for any purpose.

APPEAL from Grimes. Tried below before the Hon. Norman G. Kittrell.

*W. W. Meacham* and *W. W. Dodd*, for appellants: The court erred in its conclusions of law in paragraph 4, "That title could not pass except upon record of the bill of sale;" but where the sale was bona fide, upon legal consideration, with bill of sale accompanied by possession, the entire purchase money having been paid, actual notice to plaintiff, or his attorney acting for him, of said bill of sale, the sale and possession of the property thereunder, before the levy of the attachment by plaintiff, was equivalent to the record of said bill of sale so far as it affected the rights of the plaintiff in attachment, and vested title in the defendant as aganst said plaintiff to the property in controversy; and the court erred in not so finding. (Parks v. Willard, 1 Texas, 350; Benjamin on Sales, 3 American edition, 678, note, and authorities cited; Hardy v. Potter, 10 Gray, 89.)

*Buffington & Neal*, for appellee.

WILLIE, CHIEF JUSTICE. Vaughn, who held a claim against Albert Arrington, brought suit upon it and had an attachment levied upon a stock of cattle to which Black laid claim, in accordance with our statute for trial of the right of property. The cause was submitted to the district judge, who filed his conclusions of law and fact, and rendered judgment thereon for the appellee, subjecting the property to the attachment. The claimant appealed to this court. There is no statement of facts; hence the judge's conclusions of fact must be accepted as a correct statement of the result of the evidence adduced in the cause.

These conclusions show, first, that the appellant bought from Arrington the stock of cattle in controversy, with knowl-

edge of the insolvency of Arrington, his indebtedness to Vaughn and of his inability to pay the debt; and that appel-- lant paid for them partly by crediting Arrington with the amount of an indebtedness due from Arrington to himself, and partly in money. Secondly, that the sale was of cattle on the range, and the bill of sale was not recorded at the time the attachment was levied.

As to the first of these, this court has held that a failing debtor may prefer a creditor and pay his debt by transferring to him property reasonably proportionate in its amount; and that it is immaterial that the creditor knew that other creditors would be hindered and delayed by the transfer. (Smith v. Whitfield, 67 Texas, 124; Ellis v. Valentine, 65 Texas, 532; Greenleve v. Blum, 59 Texas, 124.)

It is claimed by the appellant that his conveyance is within the principle of the above decision, he having taken the property in payment of a debt, and paid only a small portion of the purchase money to Arrington. But the decisions do not hold that the creditor may take enough to pay his claim and any additional quantity for which he may pay a moneyed consideration. He may take property reasonably proportioned in value to the amount of his debt in payment of the same, because he thereby does no more than obtain a preference over other creditors. If what he receives is appropriated solely to the payment of the debt, the sale will be upheld though the amount received be somewhat in excess of the amount of the debt. The excess must not, however, be unreasonable. But if the creditor goes further, and receives more than is reasonably necessary for that purpose, paying a moneyed consideration for the excess, he does more than to receive payment of his debt; he becomes a purchaser from the failing debtor, he.ps him to place his property beyond the reach of other creditors, giving him an equivalent therefor which these creditors can not subject to their claims. In cases where the creditor receives an unreasonable amount of property from a failing debtor in payment of his debt, the law will make no estimate of how much would have been reasonable for the purpose of sustaining the conveyance as to that much and vitiating it as to the remainder; but will set aside the whole transaction. So in a case like the present; no discrimination will be made between what portion of the property went in payment, and what was paid for in money. The payment of the debt, and the advancement of the

cash consideration were parts of the same transaction, and the whole must be vitiated as a scheme to defraud the creditors of the vendor. We think the court below was correct in so holding.

The sale was void upon the second ground also. Article 4564 of the Revised Statutes provides that stock animals running as these were, in the range, may be disposed of by a sale and delivery of the brands and marks, but in every such case the purchaser, in order to acquire title thereto, shall have his conveyance or bill of sale of such stock recorded in the county clerk's office in a book to be kept by him for that purpose, and such sale or transfer shall be noted on the record of original marks and brands in the name of the vendee or purchaser. The provisions of this statute are different from those made in reference to the record of instruments of sale in two important particulars. First, in providing that a failure to record shall prevent the acquisition of title to the stock by the purchaser, and, secondly, in failing to make any provision for the protection of creditors and purchasers without notice of the instrument if unrecorded.

It is not made essential in order to vest title to personal property other than live stock that a bill of sale to the purchaser shall be executed and recorded. Title may pass by a parol sale, and in case the conveyance is reduced to writing and recorded, the only effect of the record is to give notice of the sale to persons acquiring an interest in the property without other sufficient notice of the conveyance. But in the case of live stock not running in a range, a bill of sale is required as an evidence of title, and in default of it a prima facie presumption is that the possession of the animal is illegal. This presumption, however, may be rebutted by proof that the possession is fair and legal. (Wells v. Littlefield, 59 Texas, 556.)

In the case of cattle upon the range, the bill of sale and its record are absolute prerequisites to the acquisition of title. The unregistered instrument is not avoided merely as to persons acquiring an interest in the property or title to it without notice, but the transfer does not take effect as to any one or for any purpose. The Legislature had full power to make such a requirement, and it has done so in unmistakable language; and in order to acquire title against the attachment of appellee levied upon the stock it was absolutely necessary that a bill of sale from Arrington to Black should have been recorded as required by law before the lien of the attachment was fastened

upon the property. No such record had been made, and for this reason no title passed to the appellant, and he failed to sustain his right to the cattle in controversy.

It is urged that the case of Wells v. Littlefield is authority for holding that record is not absolutely essential to the acquisition of title, but in that case this court was construing a different article of the Revised Statutes on a state of facts wholly different from the one now under consideration.

We think the court below was clearly right in concluding that the cattle were subject to the appellee's attachment, and the judgment is affirmed.

*Affirmed.*