### MAC SAYLES v. J. T. ROBISON, COMMISSIONER, ETC.

#### No. 2133.   Decided June 1, 1910.

**1.—School Land—Development of Water Supply—Lease—Renewal.**

One who had obtained a lease of school land under art. 4218t, Revised Statutes, by developing water where there was no permanent natural supply, was entitled to a renewal of same, on its expiration, for a like term, as provided by that article, without the land first coming on the market for sale. This provision for renewal of the lease was not repealed by the Act of April 4, 1895, sections 7, 17, 18 (Rev. Stats., arts. 4218r, 4218s) bringing school lands on the market for sale on the expiration of leases, these being general provisions not inconsistent with nor affecting the special right to renew provided for by article 4218t. (Pp. 431–434.)

**2.—Statutes—Implied Repeal.**

Implied repeals are not favored. There must be a positive repugnancy between the provisions of the new law and those of the old, and a general law will not be construed to repeal by implication previous particular legislation to which it does not refer. (Pp. 433, 434.)

**3.—Same—Statutory Revision.**

The action of the Legislature in embracing in a revision of the statutes an enactment previously passed considered as a legislative construction that it was not impliedly repealed by other enactments on the subject, also included in the revision. (P. 433.)

**4.—School Land—Lease—Renewal—Terms.**

The right of a lessee of school land under article 4218t, Revised Statutes, to a renewal on the expiration of his lease, the rental price on renewal not being fixed by such article, will be taken to entitle him to renewal at a rental fixed according to the law existing at the time of such renewal. (P. 434.)

Original application to the Supreme Court for writ of mandamus against the Commissioner of the General Land Office.

*Sayles & Sayles,* for relator.

*Jewell P. Lightfoot,* Attorney-General, and *L. A. Dale,* Assistant, for respondent.—Relator is not entitled to a renewal of his lease contract for another term of five years, for the reason that the lands sought to be so leased are in demand for settlement under our actual

settlement laws. Act of April 15, 1905, sec. 7; Rev. Stat., Art. 4218r, 4218s ; Act of April 19, 1901, sec. 4.

The relator has no vested right by virtue of anything done or performed by him prior to the execution of the lease contract. Watts v. Cotton, 62 S. W., 931; Fall v. Nation, 43 S. W., 46; Smisson v. State, 71 Texas, 222; Swenson v. Taylor, 80 Texas, 584; Brown v. Shiner, 84 Texas, 505; Reed v. Rogan, 59 S. W., 255.

MR. CHIEF JUSTICE GAINES delivered the opinion of the court.

This is an original action by Mac Sayles to compel the Commissioner of the General Land Office to accept relator as tenant for the term of five years of thirteen sections of school land lying in El Paso County.

The Act under which the relator claims his right is now article 4218t of our Revised Statutes. That article reads as follows:

"Any person desiring to lease any portion of the lands aforesaid on which no permanent water supply exists, shall notify the Commissioner of the General Land Office in writing that he desires to lease lands, specifying and describing them, provided he can obtain the necessary supply of water by boring or otherwise, and that he will within ninety days lease said lands, provided such water supply can be obtained; he shall also make and file with the Commissioner of the General Land Office his bond, with good and sufficient personal security, in a sum equal to one year's rental of the quantity of land applied for, payable to the State of Texas, conditioned that he will diligently and in good faith try to secure water on such land during such ninety days, and if secured will lease the designated lands for the term prescribed herein, and thereupon the Commissioner shall for such ninety days withhold the lands thus designated from lease to any other person; within or at the expiration of said ninety days and annually thereafter such applicant to lease shall pay to the State of Texas, in advance, one year's rental of the land applied for by him, on satisfactory proof of which payment the Commissioner shall execute and deliver to the lessee a lease of the said lands, signed by himself officially and attested by the seal of the Land Office, together with which he shall deliver up the bond of said lessee, marked "Satisfied." If the said lessee shall fail to apply for his lease and make the payment aforesaid within said ninety days, and shall also within said ninety days fail to make proof to the satisfaction of the Commissioner of the General Land Office within that time that he has in good faith and diligently used proper means and expended proper efforts to secure a water supply on such land and failed, then and in that case the Commissioner shall mark said bond "Forfeited," and shall deliver the same to the Attorney-General of the State, who shall at once cause the said bond to be sued upon and collected; and such collection shall become a part of the available school fund. The penalty stated in such bond is hereby declared to be liquidated damages, and judgment for that sum shall in all cases be recovered by the State. Proof satisfactory to the Commissioner of the General Land Office that proper, suitable and diligent effort had been made by such applicant to secure water, and that sufficient water could not be secured,

shall relieve the principal and securities on said bond from all responsibility therein, and it shall be marked "Satisfied" by said Commissioner and delivered to the principal therein. No lease of less than four sections of unwatered pasture lands shall be made unless such less number includes all unleased land in that vicinity belonging to the several funds mentioned in this chapter. Lessees or their vendees who shall have at their own expense secured water on their leaseholds in accordance with the provisions of this article shall, at the expiration of their lease contract, have the right to a renewal of their leases for another term of five years at the price then provided by law, by giving sixty days' written notice to the Commissioner, as provided in the preceding article."

The relator complied with all the requirements of the article; procured water upon the lands, executed a lease therefor and before its expiration gave notice to the Commissioner of the General Land Office that he desired a renewal of the same for the term of five years. This the Commissioner declined to grant upon the grounds (1st) that the Act had been repealed and (2nd) because the lands are desired for purchase by actual settlers. Counsel for the respondent base their contention in part upon the following provisions of the Act of April 4, 1895. The 7th section of that Act provides: "When a lease expires or is canceled for any cause, the Commissioner shall not consider an application to lease the land prior to ninety days from such expiration or cancellation and no lease on any land shall be made if it is in demand by purchasers." Section 17 of the Act, which is Article 4218r of the Revised Statutes provides: "All lands classified as agricultural and all lands containing permanent water thereon shall be leased for a term of five years or less and all lands classified as pastoral or dry grazing lands shall be leased for a term of not more than ten years . . . If at the termination of any lease the lands covered thereby are still for lease the lessee thereof shall have the preference right to again lease such lands theretofore leased by him upon the terms and at the price then fixed by law." And the 18th section, which is article 4218s, also provides, among other things: "All lands which may be leased shall be subject to sale at any time, except where otherwise provided herein. This provision in regard to the sale of leased lands shall apply to leases heretofore made, as well as to those hereafter to be made." For these extracts it is enough to say that they are incorporated in the Revised Statutes and are as much a part of our statutory law as any other expressions of the Legislature. Clearly they are not impliedly repealed. Indeed the apparent inconsistencies between the provisions of article 4218t and between article 4218r and article 4218s are explained by the fact, that articles 4218r and 4218s make rules for the lands generally and article 4218t is a special provision for exceptional conditions—that is to say "any portion of the lands aforesaid on which no permanent water supply exists." These provisions were not only embodied in the Revised Statutes, but were originally incorporated in the same enactment. At the same session of the Legislature at which this Act was passed, the Legislature passed another expressly repealing section 20 thereof and amending two other sections

thereof. Yet nothing is said as to a repeal or modification of section 19, which is the section incorporated in the Revised Statutes as article 4218t. It is apparent therefore that there is no repugnancy or inconsistency between the provisions of the various sections of the Act.

Besides all this at the same session of the Legislature at which the Act of April, 1895, was enacted the Legislature having passed an Act adopting the Revised Statutes of the State of Texas in which the 17th section, the 18th section and the 19th section of the Act were re-enacted without change as articles 4218r, 4218s and 4218t of the Revised Statutes, thus shows that in the opinion of the Legislature section 19 was not repealed by the former sections of the statute.

This indicates that it was the opinion of the Legislature that section 19 provided for exceptional cases, and that such cases were not affected by provisions which made the law for the ordinary lands.

All subsequent Legislatures seem to have had the same view, for while at each session important changes were made with reference to the sale and lease of the school land in no instance have they touched upon or amended section 19 in any respect.

But counsel for respondent also claim that section 4 of the Act of April 19, 1901, which reads as follows, "all lands which may be leased shall be subject to sale at any time except where otherwise provided herein. This provision in regard to the sale of leased lands shall apply to leases heretofore made as well as to those hereafter to be made," shows that section 19 was repealed. To this it may be said as we have said before, that this language applies to the ordinary lease and not to the exceptional case, where the lease has been acquired under "the water bond statute." They also cite us to that provision of the Act of April 15, 1905, which reads as follows: "In order that the Commissioner of the General Land Office may make the necessary preparation for the execution of the provisions of this Act, he is hereby prohibited from making any further sales or leases of any land prior to September 1, 1905, and all rights accruing under this Act prior to said date may be exercised thereafter the same as if no suspension of sales and leases had occurred." This provision was evidently inserted to meet an emergency caused by a radical change in the laws as to the sale of the public school lands. The evident purpose was to suspend all sales of school land until the machinery in the Land Office was so adjusted as to admit of sales by competitive bidding. The provision contains no intimation to our minds that it was to have any other effect than this. We attribute no importance to the fact that the lease was executed October 20, 1905, to take effect from April 24, 1905.

There is no claim here that article 4218t of the Revised Statutes has been expressly repealed. The claim is that it is impliedly repealed. "Implied repeals are not favored. The implication must be necessary. There must be a positive repugnancy between the provisions of the new law and those of the old." (Ex parte Com'r. Day, 109 U. S., 570.) "The general principle to be applied to the construction of Acts of Parliament is that a general Act is not to be construed to

repeal a previous particular Act unless there is some express reference to the particular legislation on the subject, or unless there is a necessary inconsistency in the two acts standing together." (Bower, C. J., in Thorpe v. Adams, L. R. 6 C. P., 136.) "And the reasons," said Wood, V. C., in Fitzgerald v. Champuys, 30 L. J. N. S. En., 782, "that the Legislature having had its attention directed to a special subject and having observed all the circumstances of the case and provided for them, does not intend by a general enactment afterwards to derogate from its own act when it makes no special mention of its intention so to do."

There is a question as to what price the relator must pay for the land upon a renewal of the lease. The statute provides, as we have seen, that "Lessees or their vendees who shall have at their own expense secured water on their leaseholds in accordance with the provisions of this article shall, at the expiration of their lease contract, have the right to a renewal of their leases for another term of five years at the price then provided by law, by giving sixty days written notice to the Commissioner, as provided in the preceding article." We think this means, that the lessees shall pay at the price provided by law at the time of the renewal. The Commissioner of the General Land Office has intimated that five cents per acre is a reasonable price for the lease of the land at the time the lease was offered to be renewed. We accordingly award a mandamus against the Commissioner to permit a renewal of the lease at the price of five cents per acre for the term of five years, beginning from the expiration of the first lease.

*Mandamus granted.*