### THETFORD v. HOLLINGSWORTH et al.*
(No. 6612.)

(Court of Civil Appeals of Texas. Austin. June 27, 1923.)

1. **Fraudulent conveyances** ⊗⇒28 — **Creditor purchasing more property from debtor than amount owing not entitled to protection.**

Where a creditor purchases, as one transaction, more property from debtor than is necessary to pay his debt and pays debtor additional money, he is not entitled to the protection accorded to a creditor who purchases only enough property to satisfy his own debt.

2. **Fraudulent conveyances** ⊗⇒295(1) — **Evidence held to sustain finding of fraud in transfer of property.**

In suit to recover the value of a cotton crop levied on by the sheriff, evidence *held* to sustain finding that cotton was transferred to plaintiff, a creditor, with intent to hinder, delay, and defraud creditors, and that plaintiff had notice of such fact.

Appeal from District Court, Coryell County; J. R. McClellan, Judge.

Suit by Columbus Thetford against W. W. Hollingsworth and others, in which G. M. Carlton Bros. & Co. and another intervened. Judgment for defendants, and plaintiff appeals. Affirmed.

T. R. Mears, of Gatesville, for appellant.
Clay McClellan, of Gatesville, for appellees.

KEY, C. J. Columbus Thetford brought this suit against W. W. Hollingsworth, H. Dillashaw, R. E. Powell, C. C. Sadler, Ogden Harris, and Tom Carlton, for the purpose of recovering the value of a certain crop of cotton. The plaintiff alleged that he was the owner of the cotton crop which defendant Hollingsworth, as sheriff, levied upon and took into his possession, under writ of attachment, at the instance of the other defendants; and that the other defendants were liable upon an indemnity bond required by the sheriff. G. M. Carlton Bros. & Co. and Guaranty State Bank & Trust Company intervened and made themselves parties defendant, and all of the defendants averred in their answer that the plaintiff purchased the crop of cotton referred to from C. P. L. Thetford, who transferred the same for the purpose of defrauding his creditors, and particularly all the defendants except Sheriff Hollingsworth; and that the plaintiff knew, or by the exercise of reasonable diligence could have ascertained, that C. P. L. Thetford was transferring the property with intent to hinder, delay, and defraud his creditors.

The case was submitted to a jury upon a general charge, who returned a verdict for the defendants; and from a judgment rendered for the latter the plaintiff has appealed.

The trial court gave the jury a charge, which is not subject to any of the objections that are urged against it; nor did that court err in refusing any of the special charges requested by appellant. We also overrule appellant's contention concerning the action of the court in passing upon the admissibility of certain testimony.

This disposes of all the questions presented in appellant's brief except the contention that the verdict of the jury, finding that the transfer from C. P. L. Thetford to the plaintiff was made with the intent to hinder, delay, or defraud his creditors, and that the plaintiff had notice of that fact, is not supported by the testimony.

[1,2] We have carefully considered the statement of facts, and are not prepared to sustain appellant's contention. It is true that appellant testified that C. P. L. Thetford was in debt to him, and that he bought the most of the property for the purpose of satisfying such indebtedness, and that he was entitled to purchase the property for that purpose, even though he may have known that C. P. L. Thetford was transferring the same for the purpose of hindering, delaying, or defrauding other creditors. The proof shows that the trade was closed as one transaction, and that appellant bought more property than was necessary to pay his debt, and paid to C. P. L. Thetford, at least, the sum of $15 in money. This being the case, he was not entitled to the protection which is accorded to a creditor who purchases only enough property to satisfy his own debt. Black v. Vaughan, 70 Tex. 49, 7 S. W. 604; Sanger Bros. v. Colbert, 84 Tex. 668, 19 S.

---

⊗⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Rehearing denied October 3, 1923.

W. 863. No witness testified that he ever heard C. P. L. Thetford say that he would or had transferred the property with intent to defraud his creditors, but the plaintiff made proof of quite a number of circumstances tending to show that such was his purpose; and C. P. L. Thetford did not appear as a witness and testify to the contrary.

In Greenleve v. Blum, 59 Tex. 124, in considering a fraud case, our Supreme Court said:

"The evidence in this class of cases must come largely from the persons who are concerned in the transaction and circumstances have to be looked to, and in many cases be given a weight to which they would not be entitled in a different class of cases."

In Steinam v. Gahwiler (Tex. Civ. App.) 30 S. W. 472, the following language is used:

"Being compelled to go into the ranks of those who are desirous of concealing the fraudulent transaction, dependence must be had upon circumstances trivial and insufficient in themselves, but, which when taken together and considered in the light of ordinary course of human conduct * * * may serve to establish in a satisfactory manner the allegation of fraud."

The proof shows that C. P. L. Thetford was a kinsman of appellant, and that appellant had knowledge of the fact that he was insolvent, and was selling to him all of his unincumbered property; and there are some other circumstances tending to show that appellant had notice of the fact that he was transferring his property for the purpose of putting it beyond the reach of his creditors.

Our conclusion is that no reversible error has been shown, and therefore the judgment is affirmed.

Affirmed.