## BURKHART v. BROWNFIELD.
### No. 12376.

Court of Civil Appeals of Texas. Fort Worth.
Nov. 8, 1930.

Homer L. Baughman, of Fort Worth, for appellant.

·McDonald & Floyd, of Fort Worth, for appellee.

CONNER, C. J.

The appellee Brownfield instituted this suit against C. B. Burkhart and Z. G. Stewart to recover a balance of $265 due upon a certain note given in part payment for a Fordson tractor and scrapers owned by plaintiff and for which Stewart, under the terms of a written contract set forth in the petition, agreed to pay. The plaintiff further alleged that after the sale and delivery of the tractor and scrapers to Stewart, Stewart assigned the same to defendant Burkhart, and Burkhart agreed and promised to pay to plaintiff said balance of $265.

The defendants answered by a general denial and a general demurrer, with a special answer on the part of Burkhart that he did not assume the obligation of Stewart, but purchased the tractor "subject" to any and all indebtedness owing by Stewart, and hence was not personally liable on the contract declared upon by the plaintiff.

The case was tried before the court without a jury and resulted in a judgment for the plaintiff Brownfield against both Stewart and Burkhart for the sum of $265, with interest at the rate of 6 per cent. per annum until paid, to secure which a chattel mortgage lien was foreclosed upon the Fordson tractor and scrapers described in plaintiff's petition. To this judgment the defendant Burkhart excepted and has duly prosecuted an appeal to this court.

No statement of facts appears in the record, and the judgment rests alone upon the trial court's findings of fact and conclusions of law.

In the court's findings we find set out a written contract executed by Brownfield and Stewart on the 18th day of July, 1928. The contract recites that Brownfield was the owner of a described 18 acres of land to which Stewart was granted "the exclusive right to mine gravel and sand off of said 18 acres of land" for the term of two years, Stewart agreeing to pay the sum of 20 cents per yard and make settlement each week for the sand and gravel removed from the land; that the lease should be actively worked by Stewart, who agreed to take a minimum of 3,000 yards of sand or gravel, or both, during every three months period of the lease; that Brownfield should have the option of declaring the contract void in event of Stewart's failure to take the amount of gravel and pay therefor, as provided in the contract.

The contract contained the further provision that:

"First party also hereby bargains, sells and delivers to second party a Fordson tractor and scrapers now on said land for the sum of $440.00, there being a balance due on note for said material the sum of $150.00 which is payable at the rate of $25.00 per month, and which second party agrees and assumes to pay. The difference between the said $440.00 and the balance owing on said indebtedness shall be paid to first party at the rate of $25.00 per month after said balance on said note is fully paid off and satisfied. It is further agreed that in the event second party fails to pay the balance owing on said note, or any part of same, when due, first party shall have the right to pay same, and any amounts so paid, together with any amount owing to first party on the said $440.00, shall constitute a lien on said tractor and scrapers. First party shall have the option, in the event second party fails to pay any such installment when due, to declare all of the remaining installments due and payable. * * *

"Second party shall have the right to assign this contract; and any assignee thereof shall take same and be subject to all of the privileges and obligations herein contained in favor of or against second party.

"It is agreed that the said tractor and scrapers may be removed from said lease."

The court's findings of fact and conclusions of law further read as follows:

"I find that the said Stewart had been operating said lease for some time prior to the execution of said contract under an oral agreement substantially as embodied in said contract.

"I find that on or about the 19th day of July, 1928, the defendant Stewart delivered the personal property described in the third paragraph of said contract to the defendant C. B. Burkhart, and that the following endorsement was written on the bottom of said written contract but never signed by the said Stewart, but accepted by both Stewart and said Burkhart, to wit:

"'July 19, 1928.

"'I hereby sell, transfer, convey and assign unto C. B. Burkhart and Homer L. Baughman, subject to the indebtedness therein set out, the above and foregoing contract and all my rights in and to said land.

"'—————.'

"I find that it was the intention of both defendant Stewart and defendant Burkhart that said Burkhart was not to assume any debts then owing by the said Stewart and did not assume in writing the debt sued on by plaintiff.

"I find that defendant Burkhart never operated said gravel pit on the lands described in said contract and never used said personal property described in said third paragraph in the operation of the gravel pit on plaintiff's lands; but did make payments on the note described in paragraph 3 of said contract.

"I find that it was the intention of both defendants to assign said contract; but that same was never executed and that same was to be assigned without defendant Burkhart assuming any personal liabilities or any debts then owing by the said defendant Stewart.

"I find that the defendant Z. G. Stewart, agreed and promised to pay the indebtedness sued on by plaintiff and that the same is past due and unpaid, same being $265.00.

"I find that the indebtedness sued on by plaintiff is the balance due plaintiff on the purchase price of the Fordson tractor and scrapers described in paragraph three of the contract above set out; and the same is secured by a valid mortgage lien on said property; and that defendant C. B. Burkhart had notice of such lien at the time said property was delivered to him.

"Conclusions of Law.

"I conclude that said transaction between the defendant Burkhart and defendant Stewart was in effect an assignment of said contract.

"I conclude that the defendant C. B. Burkhart is bound by reason of said assignment to pay said debt owing to plaintiff J. G. Brownfield on said personal property, described in said contract.

"I conclude that said contract is not a divisible contract and that said Burkhart could not accept part of same, towit, the personal property, without being liable personally for said indebtedness."

■■ Appellee objects to the consideration of appellant's brief, on the ground that no assignments of error have been filed either in the court below or here. We find this to be true; appellant's brief is submitted on propositions which are to the effect that the judgment is unsupported by the "evidence." The objections to the brief are evidently well taken, but we think the record discloses an error fundamental in character which requires our consideration.

In Texas Jurisprudence, vol. 3, p. 808, § 571, it is said:

"While fundamental error (error apparent upon the record) may properly be assigned, it is settled that such error need not necessarily be assigned, since a court of Civil Appeals will take judicial notice of the record and will search for, or at least take cognizance of, fundamental error, whether raised by an assignment or not. Error apparent on the face of the record, if not waived, will be considered or reviewed at any time, however raised, and regardless of any formal assignment of error; and where an error presents a jurisdictional question it cannot be waived.

"In the absence of any assignment of error it is the duty of a Court of Civil Appeals to take notice of fundamental error, particularly where the matter is jurisdictional or involves some public policy or public interest. In this connection a reviewing court is required to examine the pleadings and judgment in order to ascertain the jurisdiction of the trial court and its authority to render the particular judgment brought up in the record, and the rule of fundamental error justified although it does not require, an inspection of the evidence to detect the existence of error.

"Under the foregoing rules it is immaterial whether a fundamental error is assigned, or whether an assignment made is sufficient or was properly filed in the trial court to determine whether an objection to the assignment is well taken, since error of this kind will be considered as though it were properly assigned.

"An error which is fundamental or plainly apparent upon the face of the record, if prejudicial, necessitates a reversal of the judgment, notwithstanding there is no assignment of error attacking it upon the ground, unless the circumstances warrant a dismissal of the appeal for want of prosecution.

"In this connection it should be noted that the Supreme Court will not reverse for error unassigned which in the Court of Civil Appeals, would be fundamental error."

See, also, Gaines v. First State Bank of Bellevue (Tex. Civ. App.) 28 S. W. (2d) 297.

■■ In the case of Streeper v. Frieberg, Klein & Co., 3 Willson, Civ. Cas. Ct. App. page 292, § 240, the following is quoted with approval from 1 Wait's, Ac. & Def. p. 76, § 6:

"The general rule of the law is that upon the sale of different articles for separate prices at the same time, the contract is several as to each article sold, unless the acts of the parties, or the nature of the subject-matter, renders it necessary to consider the whole sale as an entire transaction."

Under the rule so announced, we think the written contract between Brownfield and Stewart is clearly severable. The land was merely leased for a limited period; the tractor was unconditionally assigned and delivered; the terms of payment were dissimilar and the subject-matter was wholly different in character. Indeed, the suit was instituted and defended on the theory that the contract was severable, no provision of the contract which relates to the land being relied upon by either party. It further appears from the court's finding that at the time of the sale and delivery of the tractor and scrapers by Stewart to Burkhart, it was not intended by either party that Burkhart would pay the balance due upon the tractor and scrapers. It is to be noted that there is no evidence or finding that Burkhart ever took possession of or undertook to operate the lease for gravel and sand. Therefore, we think that the most that can be said of Burkhart's obligation was that under the contract he purchased the tractor and scrapers "subject" to the terms of the contract, which relate alone to the tractor and scrapers, and as to this the contract imposes no greater obligation on Burkhart's part than accepting the tractor and scrapers subject to the lien thereon given to secure the unpaid balance for which the plaintiff sued.

In Clark on Contracts, p. 440, it is laid down as a rule that: "A contract cannot impose liabilities on a person who is not a party to it." And it is further said:

"The proposition that a man cannot incur liabilities from a contract to which he was not a party is a part of a wider rule that liability ex contractu cannot be imposed upon a man otherwise than by his act or consent. 'A man cannot, of his own will, pay another

man's debt without his consent, and thereby convert himself into a creditor.' Two persons cannot, by any contract into which they may enter, thereby impose liabilities upon a third person. Where a person, for instance, contracts with another to perform services for him, or to sell him goods, he may, under some circumstances, procure the services to be rendered or the goods delivered by a third person, and thus perform his contract; but he cannot, by any such agreement with a third person, confer upon the latter the right to require payment of the other party. Nor will the law create a contract between the latter and such third person because of the acceptance of the services or goods, where there was no intention to enter into legal relations with the third person."

Numerous authorities are cited by the author in support of the text.

In 7 Words and Phrases, First Series, page 6715, it is said:

"The acceptance of a deed subject to a specified mortgage does not imply a promise on the part of the grantee to pay the mortgage debt. Patton v. Adkins, 42 Ark. 197, 199. Where a deed declares that the grantee takes the land 'subject to the mortgage,' such phrase does not carry with it an assumption of the debt," citing authorities.

■ We approve of the pronouncements so made, and hence conclude that the judgment, in so far as it imposes a personal liability upon appellant, is fundamentally erroneous. We think, however, that under the circum-stances detailed in the findings appellee Brownfield was entitled to a lien upon the tractor and scraper to secure the payment of the unsecured balance for which he sued, in accordance with the principle enunciated in the case of Coleman, Mathis & Fulton v. Dunman, 67 Tex. 390, 3 S. W. 319, where it is said, quoting from the headnotes:

"One who acquires an interest, even for a valuable consideration, with notice of any existing equitable claim or right in the same subject matter held by a third person, is liable in equity to the same extent and in the same manner as the person from whom he made the purchase. A lien upon a stock of cattle is such an equity as will be protected against persons subsequently acquiring an interest in the stock with knowledge of its existence."

The written contract between Brownfield and Stewart was the basis of Stewart's title to the tractor and scrapers, of which appellant Burkhart had due notice, and we therefore conclude that the judgment below should be reversed in part and here reformed, so as to award to appellee Brownfield a judgment against Stewart for the debt upon which the plaintiff sued and against both Stewart and Burkhart for a lien upon the tractor and scrapers in question, with foreclosure of the lien and sale of the property, the proceeds thereof to be applied to the extinguishment of plaintiff's judgment in so far as necessary with execution against Stewart for any balance, if any, but denying plaintiff's claim of a personal liability on the part of appellant Burkhart.