### BATSON et al. v. COLEY & WILSON.
### No. 1337.

Court of Civil Appeals of Texas. Waco.
April 6, 1933.

Rehearing Denied May 4, 1933.

Eric Eades, of Dallas, and Brownlee & Brownlee, of Madisonville, for appellants.

M. L. Bennett, of Normangee, and Max M. Rogers, of Groveton, for appellees.

STANFORD, Justice.

This suit was filed by appellees, B. C. Coley and K. C. Wilson, for the sum of $608.05, the value of certain goods and merchandise sold to appellant Mrs. Fannie E. Batson and charged to her open account. The suit was also against C. L. Batson, J. H. Batson, and W. R. Batson, individually and as trustees of the estate of Seth Batson, Sr., deceased, and Mrs. Lida Toland and husband, Mrs. Corrie Allen and her husband, Mrs. Myrtle Lewis and her husband, Mrs. Velma Knight and her husband, Mrs. Pearl Campbell, a feme sole, and Miss Ellene Batson, feme sole. The appellants herein are Mrs. Fannie E. Batson and all others above named, who are the children of herself and her deceased husband, Seth Batson, Sr., deceased.

The appellees alleged that from October 13, 1929, until November 5, 1930, they sold and delivered said goods on open account, and that such goods and merchandise were sold to Mrs. Fannie E. Batson at her special instance and request, and that she agreed to pay for the same, and that the account is long since due and unpaid. An itemized and verified account of said goods was attached to appellees' petition. Appellees also alleged the making by Seth Batson, Sr., deceased, and his wife, Mrs. Fannie E. Batson, of a deed to C. L. Batson, W. R. Batson, and J. H. Batson as trustees, whereby they conveyed to said trustees approximately 600 acres of land in Madison county, to be held and managed by said trustees, and the rents therefrom to be turned over to the grantors, Seth Batson, Sr., and wife, or the survivor of them, for their support and maintenance.

Appellees prayed for judgment for their debt against the trustees, as such, and against each of the appellants as heirs of the estate, and that a lien be adjudged against the estate to secure the payment of appellees' indebtedness, and for foreclosure of such lien, and, in the alternative, prayed for judgment against each of the appellants for whose benefit said indebtedness was incurred, together with interest.

The case was tried before the court without a jury, on May 20, 1932, and the court rendered judgment against Mrs. Fannie E. Batson as primarily liable to appellees for their account, and against W. R. Batson and Miss Ellene Batson, as adult constituent members of the household of Mrs. Fannie E. Batson, as secondarily liable, and against C. L. Batson as secondarily liable for, and on account of, having converted the lands belonging to said estate, for the full amount of appellees' account, with interest thereon. The court further found and adjudged that an equitable lien existed upon the 600 acres of land in question, and ordered a foreclosure thereof to satisfy said judgment. The court rendered judgment that appellees take nothing against Mrs. Lida Toland and husband, Mrs. Myrtle Lewis and husband, J. H. Batson, Mrs. Corrie Allen and husband, Mrs. Velma Knight and husband, and, Mrs. Pearl Campbell, and adjudged the costs against all of the appellants.

It appears from appellees' first and second propositions as contained in their amended original petition that the goods and merchandise, for the value of which they sue, were sold only to Mrs. Fannie E. Batson and charged to her open account on appellees' books. The appellee K. C. Wilson testified with respect to said account, in part, as follows:

"Q. As a matter of fact, you just sold those goods to Mrs. Fannie E. Batson on open account and charged them to her? A. Yes sir, I sold them to her and charged them to her on my books.

"Q. You didn't extend any credit to any other member of the Batson family at that time? A. No sir.

"Q. You didn't charge anything to Miss Ellene? A. No sir.

"Q. You didn't look to her for her to pay you at all? A. No sir, I thought she was buying for her Mother."

The appellee B. C. Coley testified with respect to the account, in part, as follows:

"Q. You sold this bill of goods to Mrs. Fannie Batson, and charged them to her account during the year 1930? A. Yes sir.

"Q. You sold these goods to Mrs. Fannie E. Batson and charged them to her and didn't look to any other member of the family for payment? A. No. sir."

The appellant Mrs. Fannie E. Batson testified by deposition, under cross-examination, with respect to said account, in part, as follows: "Q. Did you trade during the year 1930 with Coley & Wilson and cause to be charged to your account, goods, wares and merchandise? A. I did."

The pleadings and the undisputed evidence show beyond question that the goods and merchandise, for the value of which appellees sued, were sold to Mrs. Fannie E. Batson only, and charged to her open account on appellees' books, and that appellees extended

credit to no other appellant, and they looked to her alone for the payment of said account. The appellees declared upon, and proved an express contract between themselves and the appellant Mrs. Fannie E. Batson, to pay for the goods and merchandise sold by them to her. It is a fundamental principle of law that recovery may only be had upon the identical contract declared upon and proven. Chitty on Contracts, 445; Clark on Contracts, 440; 6 R. C. L., p. 589, par. 8; Bailey v. Hicks, 16 Tex. 222, 227; Bennett v. Giles (Tex. Civ. App.) 12 S.W.(2d) 843; Burkhart v. Brownfield (Tex. Civ. App.) 33 S.W.(2d) 885. Appellants' contention here is sustained.

Propositions 3 and 4 question the sufficiency of the pleadings and proof, to sustain the judgment establishing an equitable lien on the land and ordering a foreclosure thereof. Appellees plead the trust deed executed by Seth Batson, Sr., deceased, and Mrs. Fannie E. Batson to C. L. Batson, J. H. Batson, and Wade R. Batson, trustees, and alleged that Mrs. Fannie E. Batson and Wade R. Batson were managing the farm lands described in the trust deed. They also alleged that the trust deed was not called to appellees' attention, and that the trustees failed to notify them of the trust agreement, or of unauthorized acts of Mrs. Fannie E. Batson. They alleged conveyances by Mrs. Fannie E. Batson and the other appellants, of their interest in the lands constituting the estate to C. L. Batson, and say that such conveyances were in violation of the terms of the trust deed, and that C. L. Batson had taken the lands charged with appellees' indebtedness. Appellees also alleged that the consideration for the conveyances to C. L. Batson was that he would pay off and satisfy the indebtedness which had accrued against the estate, and, if such consideration was not recited in the deeds to him, it was the actual consideration for such deeds. The only evidence as to the contract for the purchase and sale of the goods and merchandise was the sworn account itself, the testimony of the two appellees, B. C. Coley and K. C. Wilson, and the testimony of appellant Mrs. Fannie E. Batson as above stated.

Both of the appellees testified that they knew nothing of the trust deed, or the existence of any trustees at the time they were running the account with Mrs. Fannie E. Batson.

The consideration recited in the deed from the children of Mrs. Batson to C. L. Batson was $20,000 cash, and assumption of J. P. Batson $2,200 notes, and notes in the amount of $7,800.

The consideration recited in the deed from Mrs. Fannie E. Batson to C. L. Batson was "$10.00 and other considerations to me in hand paid by C. L. Batson, the receipt of which is hereby acknowledged, and subject to all outstanding indebtedness against the property hereinafter described."

The only theory advanced by appellees in their pleadings, for the assertion by them of a lien upon the 600 acres of land in question, was that their account against Mrs. Fannie E. Batson was an "estate" debt; that the "estate" held by the trustees under the deed from Seth Batson, Sr., deceased, and Mrs. Fannie E. Batson was liable to them for their debt, and that C. L. Batson acquired the "estate" charged with their debt.

The appellees themselves testified that they contracted alone with Mrs. Fannie E. Batson; that they charged the goods to her alone, and looked alone to her for payment. The appellees alleged they did not know of the trust deed, and that it was never called to their attention. The appellees testified that they did not know anything about the trust deed or the existence of trustees, while they were selling the goods to Mrs. Fannie E. Batson, and that they only learned about the deed and the trustees after the account was closed.

■■ In the first deed the consideration is specifically set out, and in the second the property was conveyed "subject" to all outstanding indebtedness against the property therein described. The acceptance of such conveyance subject to the payment of debts due thereon could not create any personal liability against the grantee, but, if C. L. Batson had expressly assumed all the debts due by the estate, the appellees' debt would not have been included, because their debt was against Mrs. Fannie E. Batson alone, and was not a charge of any kind against the estate, or secured in any manner by any property belonging to the estate.

■ The only right under the trust deed of Fannie Batson was to receive the net rents from the operation of the farm. But the court, by its judgment in this case, has decreed a lien upon the fee-simple title to the whole 600 acres of land, to secure Mrs. Batson's open account with appellees. There is nothing upon which the judgment of the trial court, decreeing an equitable lien on the land in question and ordering a foreclosure thereof, can stand. These contentions of appellants are sustained.

■ Appellants' fifth proposition attacks the finding of facts by the trial court as being wholly insufficient to support the personal judgment against Miss Ellene Batson and Wade R. Batson. The only findings filed by the court tending or attempting to show any liability on the part of Miss Batson and Wade Batson were as follows: "That Mrs. Fannie E. Batson, W. R. Batson and Miss Ellene Batson constituted a family residing in Normangee, Leon County, Texas; that such account was for necessaries furnished to Mrs. Fannie E. Batson in carrying on her household and providing for her family during the period of time said account was running."

The facts found by the court to the effect that Mrs. Fannie E. Batson, W. R. Batson, and Miss Ellene Batson constituted a family, and that appellees' account was for necessaries furnished to Mrs. Fannie E. Batson in carrying on her household and providing for her family, by no means support the judgment against Miss Ellene Batson and W. R. Batson. On the contrary, such a finding, in fact, precludes a recovery against them, in that the court finds that the account was furnished Mrs. Fannie E. Batson in providing for her family. Merely being a member of a family could not in any way render one liable for necessaries sold to the head of that family. Appellants' proposition here is sustained.

■■ The court's finding (seventh proposition) that C. L. Batson accepted deeds from his mother and brothers and sisters to their interest in the land in question could not render him personally liable, whether the trust deed provided, or did not provide, for such conveyances. Neither could such conveyances be of any concern to appellees. It is true, and the trial court specifically found, that at the time the deeds were made to C. L. Batson said "estate" was indebted to him, and the said deeds were executed to C. L. Batson for the purpose of satisfying such indebtedness to him. The findings by the court could do no more than place C. L. Batson in the position of a creditor, and the court could not conclude that the conveyances amounted to a preference of C. L. Batson as such creditor. Even if this were true, C. L. Batson would not be rendered personally liable. A creditor has the right to take property of his debtor sufficient to pay his debt, even though the debtor, with the knowledge of the creditor, was insolvent. Black v. Vaughan, 70 Tex. 47, 7 S. W. 604; Sanger v. Colbert, 84 Tex. 668, 19 S. W. 863; Terry v. Spearman (Tex. Com. App.) 259 S. W. 563; Teague v. Fairchild (Tex. Com. App.) 15 S.W.(2d) 585. The appellees were not creditors of any one, other than Mrs. Fannie E. Batson, and neither the estate nor the trustees of the estate were in any manner indebted to appellees for their account.

■■ Unless a lien of some kind was created before or at the time the debt was incurred, the subsequent acts of the parties certainly would not give rise to the creation of a lien to secure a debt which had theretofore been unsecured. The court found that C. L. Batson was a creditor of the estate when he accepted the deeds to the land, and that the deeds were made to him for the purpose of satisfying such indebtedness due him. No lien could arise unless same arose at the time the debt of appellees was created. Equitable liens do not arise except out of a contract between the parties, express or implied. Teague v. Fairchild (Tex. Com. App.) 15 S.W.(2d) 585; Vivion v. Nicholson, 54 Tex. Civ. App.

43, 116 S. W. 386; 37 C. J. 313, 315. We sustain appellants' seventh proposition above.

■■ Appellants' ninth and tenth propositions attack the conclusion of the trial court to the effect that C. L. Batson, by the acceptance of deeds from his mother and brothers and sisters to their interests in the land in question, converted said estate from the purposes of the trust agreement, undertook to prefer himself as a creditor, and by reason of such conversion and preferment made himself personally liable for the payment of appellees' account against Mrs. Fannie E. Batson, and that by reason of such conversion of said estate and the agreement thereto among all their heirs, an equitable lien was caused to exist to secure the payment of appellees' account against Mrs. Fannie E. Batson.

The court's conclusion that when C. L. Batson accepted the deeds to said estate he converted said estate from the purposes of the trust agreement is, we think, erroneous. In the first place, the estate referred to consisted only of 600 acres of land. Real estate cannot be converted, as here contended. See 26 R. C. L. 1098; Terry v. Birmingham National Bank, 93 Ala. 599, 9 So. 299, 30 Am. St. Rep. 87; Glencoe Sand & Gravel Co. v. Hudson Bros. Commission Co., 138 Mo. 439, 40 S. W. 93, 36 L. R. A. 804, 60 Am. St. Rep. 560; Smith v. Jaggers (Tex. Civ. App.) 16 S.W.(2d) 969.

Whether or not, by the acceptance of the deeds in question, C. L. Batson undertook to prefer himself as a creditor, is wholly immaterial. The suit was not one brought for the purpose of setting aside a conveyance alleged to have been made by an insolvent debtor for the purpose of delaying, hindering, and defrauding his creditors. Most of the grantors in the deeds to C. L. Batson were admittedly not indebted to the appellees in any respect. If the transfer of the property to C. L. Batson should be considered as having been made by the grantors for the purpose and with the intent of defrauding, delaying, and hindering their other creditors, including the appellees, yet such deed would pass good title, because the court specifically found "that at the time of the execution of such deeds to C. L. Batson, said estate was indebted to C. L. Batson," and "that said deeds were executed to C. L. Batson for the purpose of satisfying such indebtedness to him."

The court's conclusions above referred to are not supported by the facts, and such conclusions by no means support the judgment rendered decreeing an equitable lien against the land in question and ordering a foreclosure of such lien. The judgment of the trial court with respect to said lien is clearly erroneous. We sustain appellants' contention here made.

In so far as the judgment of the trial court

attempts to fix and foreclose a lien upon the 600 acres of land, the same is hereby in all things reversed and rendered for the appellants. In so far as said judgment is rendered against W. R. Batson, Miss Ellene Batson, and C. L. Batson, the same is hereby reversed and rendered in favor of said appellants. In so far as the judgment is in favor of Mrs. Lida Toland and husband, Mrs. Myrtle Lewis and husband, J. H. Batson, Mrs. Corrie Allen and husband, Mrs. Velma Knight and husband, and Mrs. Pearl Campbell, the same is in all things affirmed, and, in so far as the judgment is a personal judgment against Mrs. Fannie E. Batson, the same is in all things affirmed. All costs of this case, except that incurred in securing judgment against Mrs. Fannie E. Batson, is adjudged against appellees herein. That incurred in securing judgment against Mrs. Fannie E. Batson is adjudged against her.