**BRUMLEY ESTATE, et al.,**
**Plaintiffs-Appellants,**

v.

**IOWA BEEF PROCESSORS, INC.,**
**Defendant-Appellee.**

**No. 81–1600.**

United States Court of Appeals,
Fifth Circuit.

Sept. 30, 1983.

Thomas A. Graves, Mike McKool, Jr., Charles W. Cunningham, Dallas, Tex., Lucian Morehead, Plainview, Tex., for plaintiffs-appellants.

Freeman, Rothe, Freeman & Salzman, Edward W. Rothe, James T. Malysiak, Chicago, Ill., for defendant-appellee.

ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC

(Opinion May 19, 1983, 5 Cir., 1983, 704 F.2d 1351)

Before WISDOM, RUBIN and TATE, Circuit Judges.

PER CURIAM:

The application for rehearing has been carefully considered. The court has again reviewed the opinion of the Texas Supreme Court in *Valley Stockyards Company v. Kinsel,* 369 S.W.2d 19 (Tex.1963), and the briefs in that case. The court withdraws that part of the opinion beginning at 704 F.2d at p. 1359, with the caption: "B. *The Article 6903 Claim: Summary Judgment Proper?*" and substitutes the following:

B. *The Article 6903 Claim: Summary Judgment Proper?*

■ We ultimately conclude that the district court properly granted summary judgment. For reasons to be shown, assuming at least for purposes of argument that article 6903 was not impliedly repealed by the enactment of the Texas U.C.C.,[2] we find that as most recently interpreted by the Texas Supreme Court

the controlling issue is whether the seller of the cattle knew that the buyer would take them to a county to which article 6903 did not apply and there resell them. If so, then that article does not apply against the immediate buyer's vendee.

■ In this case, the plaintiffs rely primarily on older Texas jurisprudence to support their argument that without the transfer of a written bill of sale with the cattle, they retain a superior right in the transferred cattle, for which they were not paid, than does Iowa Beef. *See Black v. Vaughan,* 70 Tex. 47, 7 S.W. 604 (Tex. 1888); *Wells v. Littlefield,* 59 Tex. 556 (1883); *Goode v. Martinez,* 237 S.W. 576 (Tex.Civ.App.1922); *Swan v. Larkin,* 8 Tex.Civ.App. 421, 28 S.W. 217 (Tex.Civ. App.1894). *See also John Clay & Co. Livestock Commission v. Clements,* 214 F.2d 803, 806 (5th Cir.1954). However, the latest and most authoritative expression of state law applicable to the facts of a case is controlling. *Delta Air Lines, Inc. v. McDonnell Douglas Corp.,* 503 F.2d 239, 245 (5th Cir.1974), *cert. denied,* 421 U.S. 965, 95 S.Ct. 1953, 44 L.Ed.2d 451 (1975).

In the most recent decision in *Valley Stockyards Company v. Kinsel,* 369 S.W.2d 19 (Tex.1963), the Supreme Court of Texas was presented with facts basically indistinguishable from those in the present case, construed most favorably to Brumley Estate's contentions. In that

2. Section 2.102 of the Texas U.C.C. provides that,

Nor does this chapter impair or repeal any statute regulating sales to consumers, farmers *or other specified classes of buyers.*

(emphasis added). This clause of the Utah U.C.C. has been interpreted by the Utah Supreme Court as protecting a similar Utah state cattle statute from supersession by the U.C.C., *Pugh v. Stratton,* 22 Utah 2d 190, 450 P.2d 463, 465 (Utah 1969). *But see Wilson v. Burrows,* 27 Utah 2d 436, 497 P.2d 240, 242 (Utah 1972). The plaintiffs' argument that article 6903 was not superseded in part similarly depends upon Texas U.C.C. § 2.102 and upon the additional factor that article 6903 was recodified by the Texas legislature in 1981 (without substantive change) in an attempt to eliminate "repealed, duplicative, unconstitutional, expired, executed, and other ineffective provisions ...."

Tex.Agric.Code § 1.001 (1981). The reenactment of the statute is argued to indicate that it was not one of those considered by the legislature to have been "repealed" or "expired." *Sayles v. Robison,* 103 Tex. 430, 129 S.W. 346, 348 (Tex.1910). And finally, the general repealing article of the Texas U.C.C., § 10–103 (repealing all laws in conflict therewith), may not require a different conclusion; Texas courts do not favor general repealers in the absence of strong repugnance between the new and existing statutes and, if possible, the statutes are construed so as to give effect to both. *Gordon v. Lake,* 163 Tex. 392, 356 S.W.2d 138, 139 (Tex.1962); *Standard v. Sadler,* 383 S.W.2d 391, 395 (Tex.Civ.App.1964). *See also Pfluger v. Colquitt,* 620 S.W.2d 739, 741 (Tex.Civ.App. 1981), writ ref'd n.r.e. (reconciling Texas U.C.C. and requirement of Texas Motor Vehicle Certificate of Title Act).

case, a cattle seller, Kinsel, sold cattle to a buyer without a bill of sale, and received a worthless check in payment. The buyer then sold the cattle to a stockyard in a county to which 6903 does not apply. Kinsel subsequently sued the stockyard, contending that the latter was liable to him for conversion.

The Texas Supreme Court, although without specifically addressing article 6903, held that the dispositive question in that case was the factual determination of whether Kinsel had intended to pass title to the buyer when he delivered the cattle, or whether he had intended that the passage of title be conditional on the subsequent honoring of the check by the bank. *Id.* at 20. The court indicated that, if Kinsel had intended to pass title to the cattle by delivery, then title had thereby passed, and the stockyard had obtained better title to the cattle than was retained by Kinsel. The dissent contended that article 6903 was applicable to the facts there presented. *Id.* at 27.

The Texas Supreme Court did not consider the absence of a bill of sale, and the corresponding applicability of article 6903, to be determinative of the rights of the parties under those circumstances. Instead, the court considered dispositive the application of the facts to the then (and subsequently legislatively repealed, see below) Texas general legal doctrine that when a seller receives a check in payment, he is presumed to intend to retain title to the goods sold until the check is honored by the drawee bank. The court held that this presumption could be rebutted by facts to the contrary, and that it was for the trier of fact to determine the "controlling question" of the intent of the parties to the transaction. By so defining what was the "controlling question" for review, the court thus concluded that if Kinsel had intended to pass title by delivery, his sale of

cattle was valid as to him despite the absence of a bill of sale, at least when the cattle seller knew that the buyer contemplated resale in a place exempt from the operation of article 6903, and the stockyard was not liable to him for the unpaid purchase price of the cattle.

It is true that the majority opinion did not mention article 6903, nor did it address the statement made in the dissenting opinion to the effect that article 6903 was applicable to cattle sales in the county where the initial sale was made. The issue was, nevertheless, apparently presented to the court and rejected by it.[3] No other Texas court has made reference to article 6903 (now § 146.001 of the Texas Agriculture Code) since the Texas Supreme Court's decision in *Kinsel.*

■ Thus, as most recently interpreted in 1963 by the Texas Supreme Court, article 6903's requirement—that a written descriptive bill of sale accompany the delivery of cattle sold—does not apply against third persons who purchase from the buyer, when in fact there has been an intended sale of the cattle by the seller and the seller knew the buyer contemplated resale in a place exempt from article 6903. Here the subsequent resale was in Kansas, to which likewise the statute could not apply.

For this reason, we do not consider the effect of the Texas U.C.C. on article 6903.

*Conclusion*

Accordingly, we AFFIRM the jury's determination that Heller was not Iowa Beef's agent in this case, and we likewise find that the district court's grant of summary judgment without written reasons was not reversible error under the circumstances here presented.

The opinion having been thus changed to clarify our view of the applicable Texas law, the Petition for Rehearing is DENIED and no member of this panel or judge in

---

**3.** The issue was before the court inasmuch as article 6903, was cited in the briefs, both in Kinsel's original brief, and in an amicus brief filed on application for rehearing, was addressed by the dissenting justices, and inasmuch as the intermediate court opinion there

reversed had relied heavily on *John Clay & Co. Livestock Commission v. Clements,* 214 F.2d 803 (5th Cir.1954), in which article 6903 was in part the basis of the opinion. *Valley Stockyards Company v. Kinsel,* 360 S.W.2d 817, 819 (Tex.Civ.App.1962).

regular active service on the court having requested that the court be polled on rehearing en banc (Federal Rules of Appellate Procedure and Local Rule 35) the Suggestion for Rehearing En Banc is DENIED.